IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LORI PRYOR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-0121 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

On January 15, 2009, Lori Pryor filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket Entry No. 1). Pryor paid the $5.00 filing fee on January 20, 2009.

In a letter filed on January 29, 2009, Pryor advised the court that she had received notice that her complaint had been filed. Pryor asked why her suit had been filed against Nathaniel Quarterman, director of TDCJ-ID. (Docket Entry No. 3). Pryor stated that she had sued her former employee who filed charges against her. She asked the court to advise her of the status of her case.

In a letter filed on February 2, 2009, Pryor stated that she had filed a petition for a writ of habeas corpus challenging her conviction. She again stated that she did not understand why her petition was filed as a civil suit against Nathaniel Quarterman. (Docket Entry No. 4). She asked if she had to file any additional pleadings to challenge her conviction. Pryor stated that she was alleging ineffective assistance of defense counsel in her criminal case to challenging her conviction, and that the evidence she had submitted related to her conviction.

In a letter filed on February 12, 2009, Pryor asked again how she could challenge the constitutional violation of her defense counsel. (Docket Entry No. 5). She asked if that matter should be addressed in a petition under 28 U.S.C. § 2254, or whether she should file in a different court. In another letter filed on February 12, 2009, Pryor stated that she was not suing TDCJ-CID

and that she would like the court to return her paperwork. (Docket Entry No. 6). Pryor again stated that she did not want to file a civil suit against TDCJ-CID. On March 5, 2009, Pryor filed a "Motion for Dismissal of Complaint." (Docket Entry No. 7). She stated she filed her complaint in the wrong court. She asked for the court to return her evidence.

From her letters and pleadings, it does appear that Pryor wants to challenge her state criminal conviction on the basis of ineffective assistance of counsel. She has done that through her motion for habeas corpus relief filed under 28 U.S.C. § 2254. The court advises Pryor that a petition for federal habeas corpus relief under § 2254 is a civil case. Such a case is properly filed against Quarterman because he is the director of the TDCJ-ID, where Pryor is in custody. That does not mean that Quarterman's conduct is at issue.

By May 5, 2009, Pryor must confirm in writing that she wants to challenge her theft conviction in Civil Number 982720 imposed by the 263rd Judicial District Court of Harris County, Texas, based on the ineffective assistance of her trial counsel. In the event Pryor does not want to challenge her state criminal conviction, she must file a motion for voluntary dismissal of this case by **May 5, 2009**. Failure to comply as directed within the time specified may result in the dismissal of this action for want of prosecution.

SIGNED on April 3, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge